## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CORDIAL ENDEAVOR CONCESSIONS OF ATLANTA, LLC AND SHELIA EDWARDS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ATLANTA, MOHAMMED K. REED, XPRESSPA HOLDINGS, LLC,  XPRESSPA ATLANTA TERMINAL A, LLC, AZURE SERVICES, LLC, MONTCLAIR DOUGLASS, LLC; MEME MARKETING & COMMUNICATIONS LLC, MELANIE HUTCHINSON, KENJA PARKS, AND BERNARD PARKS, JR.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION FILE NO:<br>_____<br><br>(Removed from the Superior Court of Fulton County, Civil Action File No. 2018CV303129) |

## NOTICE OF REMOVAL OF CIVIL ACTION NO. 2018CV303129 IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

Defendants XpresSpa Holdings, LLC ("XpresSpa Holdings"), XpresSpa Atlanta Terminal A, LLC ("XpresSpa Atlanta"), and Azure Services, LLC ("Azure") (together, "Removing Defendants"), respectfully and timely file this Notice of Removal, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, of the above-

captioned action from the Superior Court of Fulton County, State of Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.[1]

In support of their Notice of Removal, the Removing Defendants state as follows:

## I.     INTRODUCTION

1.     Plaintiffs Cordial Endeavor Concessions of Atlanta LLC and Shelia Edwards (collectively, "Plaintiffs"), commenced this action in the Superior Court of Fulton County, Georgia, Case No. 2018-CV-303129, on or about March 30, 2018.

2.     The Complaint names as defendants in this case XpresSpa Holdings, XpresSpa Atlanta, Azure, the City of Atlanta ("City"), Mohammed K. Reed ("Reed"), Montclair Douglas, LLC ("Montclair"), Meme Marketing and Communications, LLC ("Meme"), Melanie Hutchinson ("Hutchinson"), Kenja Parks ("K. Parks"), and Bernard Parks, Jr. ("B. Parks").

3.     As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because the Court has subject-matter

---

[1] By removing this action to this Court, the Removing Defendants do not waive any defenses, objections, or motions available under state or federal law, and expressly reserve the right to move for dismissal of Plaintiffs' claims based on any applicable grounds.

jurisdiction over this action pursuant to 28 U.S.C. § 1331, and the Removing Defendants have satisfied the procedural requirements for removal.

## II.  GROUNDS FOR REMOVAL

### A.  The Procedural Requirements for Removal Are Satisfied.

1.     Defendant XpresSpa Holdings was served with the Summons and Complaint on April 10, 2018; Defendant XpresSpa Atlanta was served with the Summons and Complaint on April 12, 2018; and Defendant Azure was served with the Summons and Complaint on April 6, 2018.   Accordingly, this removal is timely filed by the Removing Defendants pursuant to 28 U.S.C. § 1446(b) because it is being filed "within 30 days after receipt … of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

2.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, orders, and other documents served upon the Removing Defendants (as well as all other items on file in the Superior Court of Fulton County as of the date of the Notice of Removal) are attached hereto and incorporated herein by reference as **Exhibit "A."**

3.     The Superior Court of Fulton County, Georgia is located within the Northern District of Georgia, *see* 28 U.S.C. § 90(a)(2), and venue for this action is proper in this Court because the United States District Court for the Northern

District of Georgia, Atlanta Division, is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

4.  No previous application has been made for the relief requested herein.

5.  Pursuant to 28 U.S.C. § 1446(d), immediately following the filing of this Notice of Removal, a copy of this Notice of Removal is being served upon Plaintiffs' counsel, and a copy is being filed with the Superior Court of Fulton County, Georgia.  A true and correct copy of the Notice of Filing of Notice of Removal that the Removing Defendants are filing with the Superior Court of Fulton County, Georgia (exclusive of exhibits), is attached hereto as **Exhibit "B."**

**B.**   **Removal is Proper Because This Court Has Original Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1331 and 1441.**

6.  The federal removal statutes expressly provide that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

7.  Pursuant to 28 U.S.C. § 1331, the district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

8.     In determining whether this action is properly removable on federal question grounds, the Court must look to the allegations set forth in the Complaint to see whether Plaintiffs seek to state  a claim or assert rights arising under federal law.  *See Palmer v. Local 8285 United Steel Workers of America*, 234 Fed. Appx. 884, 887 (11th Cir. 2007).

9.     The Complaint filed by Plaintiffs, on its face, seeks to make claims arising under federal law.  Specifically, Plaintiffs seek relief in the form of damages for violations under 28 U.S.C. § 1983 (Counts One, Two, and Three); 28 U.S.C. § 1985 (Count Four); 28 U.S.C. § 1986 (Count Five); 28 U.S.C. § 1988 (Count Six); "Federal Punitive Damages" (Count Seven); 49 C.F.R., Parts 23 and 26 (Complaint, ¶ 17); and retaliation based on a violation of 49 C.F.R. 26.109(d) (Count Twenty).

10.     As certain of Plaintiffs' claims in Counts One through Seven, and Count Twenty of the Complaint arise under federal law, *see, e.g., Antwan Wheeler v. Dekalb County*, No. 1:13-cv-4205-WSD, 2014 U.S. Dist. LEXIS 67310, *4 (N.D. Ga. May 16, 2014), the allegations of the Complaint give rise to federal question jurisdiction.

11.     Moreover, this Court has supplemental jurisdiction over any pendent state law claims under 28 U.S.C. § 1367(a) because all such claims are so related

to Plaintiffs' federal statutory claims that they form part of the same case or controversy. *See, e.g., Boone v. JP Morgan Chase Bank,* 447 Fed. Appx. 961, 963 (11th Cir. 2011); *In re City of Mobile,* 75 F.3d 605, 607 (11th Cir. 1996); *Chime v. Jordan*, No. 1:07-cv-0086-JOF, 2007 U.S. Dist. LEXIS 44988, at *8-9 (N.D. Ga. June 21, 2007).

### C.   <u>All Served Defendants Join in or Consent to This Removal.</u>

12.    Based upon a review of the official case docket on the Fulton County Superior Court's website on May 4, 2018, Defendants Hutchinson and Montclair have not been served at the time of this filing of Notice of Removal, and the Removing Defendants have no knowledge of Hutchinson and Montclair having been served.  Accordingly, Hutchinson and Montclair are not required to consent to the removal.  *See Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992) (holding that a defendant need not join in a notice of removal without receipt of formal service); *see also Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1208-1209 (11th Cir. 2008) (adopting last-served defendant rule which recognizes that a defendant is not required to take any action, "whether seeking removal or otherwise," until he or she is properly served).

13.     Defendants XpresSpa Holdings, XpresSpa Atlanta, Azure, City, Meme, B. Parks, K. Parks, and Reed are the only defendants that have been served at the time of the filing of this Notice of Removal.

14.     Removing Defendants XpresSpa Holdings, XpresSpa Atlanta, and Azure together file this Notice of Removal.

15.     Plaintiff served Defendant City on April 16, 2018, and City has consented to this removal.

16.     Plaintiff served Defendant Reed on April 9, 2018, and Defendant Reed has consented to this removal.

17.     Plaintiff served Defendant Meme on April 6, 2018, and Defendant Meme has consented to this removal.

18.     Plaintiff served Defendant B. Parks on April 6, 2018, and Defendant B. Parks has consented to this removal.

19.     Plaintiff served Defendant K. Parks on April 6, 2018, and Defendant K. Parks has consented to this removal.

20.  The Consents to Removal executed by Defendants City, Reed, Meme, B. Parks, and K. Parks are attached hereto as Composite **Exhibit "C."**

**D.**  **This Case is Properly Removable.**

21.  Based upon the above, the state court action may be removed to this Court by Defendants in accordance with the provisions of 28 U.S.C. § 1441(a) because:  (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Northern District of Georgia; and (ii) this action asserts a claim arising under federal law.

## III.  CONCLUSION

For the reasons stated above, the Removing Defendants respectfully remove this Civil Action File No. 2018-CV-303129 from the Superior Court of Fulton County, Georgia, to the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446

Respectfully submitted this 4th day of May, 2018.

                                        /s/ Michael V. Coleman
                                        Michael V. Coleman
                                        Georgia State Bar No. 177635
                                        Leslie J. Suson
                                        Georgia State Bar No. 142162
THOMPSON HINE LLP                       Alexandra C. Nelson
3560 Lenox Road, Suite 1600            Georgia State Bar No. 241352
Atlanta, Georgia 30326
Telephone:  (404) 541-2900             *Counsel for Removing Defendants*
Facsimile:   (404) 541-2905            *XpresSpa Holdings, LLC, XpresSpa*
michael.coleman@thompsonhine.com       *Atlanta Terminal A, LLC, and Azure*
leslie.suson@thompsonhine.com          *Services, LLC*
alex.nelson@thompsonhine.com

## **CERTIFICATION OF FONT**

The undersigned counsel hereby certifies that this pleading was prepared using one of the font and point selections approved by this Court in LR 5.1C, N.D. Ga.  Specifically, Times New Roman font was used in 14 point.

Dated this 4th day of May, 2018.

*/s/ Michael V. Coleman*
Michael V. Coleman
Georgia State Bar No. 177635

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that the foregoing NOTICE OF REMOVAL OF CIVIL ACTION NO. 2018CV303129 IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA was electronically filed with the Clerk of Court using the CM/ECF system, and further certifies that a true and correct copy of the same was deposited in the U.S. First Class Mail with adequate postage affixed thereon to ensure proper delivery and addressed to the following:

Kevin Arnold Ross
The Law Practice of Kevin A. Ross, LLC
2255 Cumberland Parkway
Building 700, Suite B
Atlanta, GA 30339

Carl A. Gebo
The Gebo Law Group
200 Walker Street, SW, Suite E
Atlanta, GA 30313

Thelma Wyatt Moore
Moore Law, LLC
3285 Main Street
Atlanta, GA 30337

This 4th day of May, 2018.

/s/ Michael V. Coleman
Michael V. Coleman
Georgia State Bar No. 177635